UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1-4:20-CR-00418-JAR |
| | ) |
| TRAVELL ANTHONY HILL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Travell Anthony HILL, represented by defense counsel Peter Cohen, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the offenses in Count One and Count Two of the Superseding Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's agreement to use a facility of interstate commerce, a

1

cellular telephone, to commit the murder of Andre Montgomery in exchange for monetary compensation on or about March 14, 2016, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

3. **ELEMENTS:**

Count One

As to the offense in Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 1958, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) Beginning at a time unknown, but up to and including March 14, 2016 and through the date of the Superseding Information, in the City of St. Louis and elsewhere within the Eastern District of Missouri, the defendant, Travell Anthony HILL, and others reached an agreement to commit the crime of use of a facility of interstate commerce, to wit, a cellular telephone, with the intent that a murder be committed in violation of the laws of the State of Missouri in exchange for or as consideration for anything of pecuniary value; and

(b) That the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

(c) At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

(d) That while the agreement was in effect, a person or persons who had joined in the agreement knowingly undertook one or more overt acts for the purpose of carrying out or carrying forward the agreement; and

(e) That the death of Andre Montgomery resulted from the conspiracy on March 14, 2016.

Count Two

As to the offense in Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 1958, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) On or about March 14, 2016, the defendant, Travell Anthony HILL, used a cellular telephone, a facility of interstate commerce; and

(b) That the cellular telephone was used with the intent that a murder be committed, in violation of the laws of any state; and

(c) That anything of pecuniary value was received or promised to be paid as consideration for the murder; and

(d) That the death of Andre Montgomery resulted.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 14, 2016, at approximately 8:02 p.m., Andre Montgomery (hereinafter "Montgomery") was killed by gunfire at 3964 Natural Bridge Avenue, which is located in the City of St. Louis, within the Eastern District of Missouri. Montgomery's cellular telephone was located in close proximity to his body and was forensically examined following his murder. Witnesses at the scene of the homicide indicated that Montgomery went outside to meet someone after receiving a telephone call, and was shot and killed shortly thereafter.

Several days prior to March 14, 2016, defendant Travell HILL had met with an unindicted mutual acquaintance of HILL and co-defendant James Timothy Norman, who was Montgomery's uncle. At that meeting, the mutual acquaintance informed HILL that Norman wanted Montgomery dead and that Montgomery was staying at a hotel in St. Louis County.

On March 14, 2016, HILL met with Norman, at Norman's request, south of downtown St. Louis, Missouri, near the Peabody Housing Complex within the Eastern District of Missouri, which was where HILL was living at the time. Norman met with HILL for the purpose of having a discussion. Following that discussion, it was HILL's understanding that Norman wanted HILL to kill Montgomery, Norman's nephew. Norman advised HILL that a female, whom HILL now knows to be co-defendant Terica Ellis, would be contacting him on his cellular telephone, the number of which was (314) 665-5999, to advise HILL where Montgomery could be located for the purpose of committing the murder.

4

After meeting with Norman on March 14, 2016, HILL obtained a .380 caliber, semi-automatic firearm from someone nearby his residence. HILL chose this type of firearm because, among other things, it was small and could be easily concealed inside his sweatshirt.

Later in the day on March 14, 2016, HILL received a call on his cellular telephone from Terica Ellis. Ellis advised HILL of the address where Montgomery could be located, and advised HILL that she was going to lure Montgomery out of the house, which would allow HILL to commit the murder.

After utilizing his cellular telephone to learn the address of Montgomery's location from Terica Ellis, HILL travelled to the location, which was near the intersection of Natural Bridge and Warne Avenue. HILL arrived there armed with the .380 caliber handgun. HILL observed Montgomery emerge from the residence at 3964 Natural Bridge, but HILL was unsure if it was actually Montgomery initially. In order to get closer to him to confirm his identity, HILL asked Montgomery if he had any marijuana. At that time, HILL confirmed that it was, in fact, Montgomery in front of the residence at 3964 Natural Bridge.

HILL watched as Montgomery approached a vehicle and spoke with at least one occupant in the vehicle, whom HILL assumed to be Ellis, but HILL was unable to see inside the vehicle at the time. HILL then watched as Montgomery turned to walk back toward the residence at 3964 Natural Bridge. HILL then said something to stop Montgomery. HILL walked closer him, then discharged his firearm multiple times, striking Montgomery. HILL then fled the scene, disposing of both his cellular telephone and the firearm. Montgomery ultimately died inside the residence as a result of the gunshot wounds.

On March 16, 2016, Norman contacted HILL and advised HILL to meet with a separate individual who was known to both HILL and Norman. That same day, HILL met with the individual near the intersection of Chouteau and Dillon in the City of St. Louis. During the brief meeting, the individual handed HILL a bag containing approximately $5,000.00 in United States Currency, at which time the individual told HILL words to the effect of, "keep your mouth quiet." HILL accepted the payment, knowing that it was payment from Norman in exchange for HILL killing Montgomery.

## 5. STATUTORY PENALTIES:

### COUNTS ONE AND TWO

The defendant fully understands that the only possible penalty authorized by law for the crimes to which he is pleading guilty is imprisonment for a term of life, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three (3) years.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree that the base offense level is 43, as found in Sections 2E1.4 and its cross-reference to 2A1.1.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: None.

**c. Other Adjustment(s)/Disputed Adjustments:** None.

**d. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 40.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

7

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

 b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

 c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

 a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

 b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

 c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the

term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

  **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

  **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such

items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its

option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

5/27/2022
Date

ANGIE E. DANIS, #64805MO
GWENDOLYN E. CARROLL, #4657003NY
Assistant United States Attorneys

5/27/22
Date

TRAVELL ANTHONY HILL
Defendant

5/27/22
Date

PETER COHEN
Attorney for Defendant

13